IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Crim. Action
) No. 04-10198-01-WEB
EARL T. LALIK, )
)
Defendant. )
)

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of July 11, 2005. This written memorandum will supplement the court's oral ruling.

The defendant has filed four objections to the Presentence Report.

1. *Restitution*. Defendant's first objection is that the restitution figure of $131,149 should be reduced by $3,136.74 because the Indictment shows this amount was forfeited by Mr. Lalik, and he further argues the amount owing should be reduced by "any money the NPC company is holding that Mr. Lalik is entitled to," which according to defendant includes $8,399.81 in a profit-sharing plan held by NPC.

There is no showing that the $3,176 forfeited by the defendant or the $8,399 held by NPC in a profit-sharing plan has been paid over to the victims of the offense. Accordingly, the court will deny the request to reduce the amount of the restitution order at this time. The amount of restitution owing will be reduced if, as, and when the victims receive payment.

2. *Enhancement for "use of sophisticated means."*. Defendant's second objection is to the 2-level enhancement in ¶ 18 for use of sophisticated means to carry out the scheme. *See* USSG § 2B1.1(b)(9)(C). Defendant argues that this crime was not complex. He disputes the assertion in the Presentence Report that he created his own company ("Construction Development Services") to carry out the fraud on NPC. He says he established the company for a legitimate purpose and argues that it was not a fictitious or "shell" corporation that helped to facilitate the fraud.

Under the guidelines, "sophisticated means" refers to especially complex or especially intricate offense conduct concerning the execution or concealment of an offense. "Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ... ordinarily indicates sophisticated means." USSG § 2B1.1, comment (n.8).

The circumstantial evidence surrounding the defendant's creation of his corporation -- including the creation of the corporation and the opening up of a checking account just before he began submitting fraudulent invoices to NPC -- shows that he likely created it, and certainly used it, for the purpose of furthering the fraudulent scheme. The court concludes that the enhancement for "sophisticated mean" is appropriate given the defendant's use of what was in essence a fictitious corporation to carry out and conceal the fraud over an extended period of time.

3. *Enhancement for "abuse of a position of trust."*. Defendant's third objection is to the 2-level enhancement for abuse of a position of trust. *See* USSG § 3B1.3. Defendant argues that he was supervised by 4 or 5 other people at NPC, and he argues that his position was not a "position of trust" within the meaning of the guidelines.

This enhancement is intended to apply if the defendant abused a position of trust, or used a special

skill, in a manner that significantly facilitated the commission or concealment of the offense. "Position of trust" refers to a position characterized by professional or managerial discretion (that is, discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees who perform primarily non-discretionary tasks. *See* USSG § 3B1.3.

The court concludes the defendant was in a position of trust with NPC, and that his abuse of the position significantly facilitated both the commission of the offense and the concealment of it. Although the defendant was not unsupervised, he was in a position where he had significant discretion to approve work invoices, and his discretion and knowledge about construction and the invoice payment process contributed to his ability to conceal the offense and keep it going.

4. *Various factual allegations*. Defendant's fourth objection concerns various factual allegations in the Report. For example, with regard to the statement in the Report that NPC had a policy against employees being authorized vendors, defendant says that NPC's counsel stated there was no official written policy. Defendant further says that he is going to start making payments on a student loan listed in the Report as "deferred." And although the report states that he was terminated from his job with a prior company, defendant says maintains that he quit that position and was not fired. He asks that his explanation of these matters be included in the Report.

The court concludes that no ruling on the defendant's fourth objection is necessary, as the disputed matters will not be taken into account and will not affect the sentence.

5. *Request for Departure*. Defendant argued at the sentencing hearing that a departure from the advisory sentencing guidelines was warranted based on several factors, including his superior work

performance while out on bond.

After considering all of the factors in 18 U.S.C. § 3553, as well as the non-binding advisory sentencing guidelines, the court concludes that a sentence of 18 months' custody (together with the other terms and conditions of sentence stated at the hearing) represents an appropriate sentence in this case. The court concludes that a sentence below the guideline range is warranted under all of the circumstances, including the defendant's exceptional performance while out on bond (as shown by the letter of endorsement from his current employer), the need to provide adequate deterrence to criminal conduct, and the need to provide restitution to the victims of the offense.

*Conclusion*.

Defendant's objections to the Presentence Report are DENIED. Defendant's request for a sentence below the guideline range is granted to the extent stated above.

The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  12th  Day of July, 2005, at Wichita, Ks.

                                                  s/Wesley E. Brown
                                                  Wesley E. Brown
                                                  U.S. Senior District Judge